# United States Court of Appeals for the Fifth Circuit

No. 21-40929
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Rafael Vasquez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1932-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jose Rafael Vasquez was convicted by a jury of smuggling goods from the United States into Mexico, in violation of 18 U.S.C. § 554. He was then sentenced to 63 months of imprisonment. On appeal, Vasquez argues that the district court erred in admitting evidence of his prior lawful firearm transactions.

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

We review a district court's evidentiary rulings for an abuse of discretion although this standard is "heightened" when evidence is admitted pursuant to Federal Rule of Evidence 404(b). *United States v. Ramos-Rodriguez*, 809 F.3d 817, 821 (5th Cir. 2016). "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, other act "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). In determining whether evidence is admissible under Rule 404(b), we consider whether the evidence is relevant to an issue other than the defendant's character and whether the evidence possesses probative value that is not substantially outweighed by its prejudicial effect. *United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019).

Vasquez argues that his prior lawful firearm transactions were not relevant to his smuggling offense. Evidence is relevant if it has "'any tendency to make a fact more or less probable than it would be without the evidence'" and "'the fact is of consequence in determining the action.'" *United States v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013) (quoting FED. R. EVID. 401). To sustain a conviction under § 554(a) the Government must demonstrate that the defendant knew he was dealing with firearms and ammunition intended for export and that the exportation was illegal. *See United States v. Lugo-Lopez*, 833 F.3d 453, 457 (5th Cir. 2016). Despite Vasquez's assertions to the contrary, this evidence was relevant to demonstrating that he knowingly possessed the firearms and ammunition hidden in his vehicle because the Government was proceeding under a constructive possession theory. *United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010). Accordingly, the district court did not abuse its discretion in

determining that Vasquez's firearm transactions were relevant to proving his knowledge and intent. *See Jones*, 930 F.3d at 373.

Vasquez argues that any probative value from the admission of evidence regarding his firearm transactions was outweighed by its prejudicial effect. To determine whether probative value of evidence is outweighed by its prejudicial effect, we consider "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *Kinchen*, 729 F.3d at 473. "In addition, we consider the overall prejudicial effect of the extrinsic evidence." *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017).

While Vasquez's prior firearm transactions are not similar to his smuggling charge, the Government's need to introduce this evidence was high because "[p]rior act evidence is often a necessity in constructive possession cases." *See Williams*, 620 F.3d at 492. Moreover, the firearm transactions were not too remote in time but occurred within three years of his being charged with smuggling. Additionally, any risk of prejudicial effect was mitigated by the district court giving a limiting instruction. *See United States v. Portillo*, 969 F.3d 144, 179 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1275 (2021). Finally, "'a commonsense assessment of all the circumstances surrounding the extrinsic offense'" weighs in favor of admitting Vasquez's firearm transactions as they were legal and would not confuse or incite the jury. *See Juarez*, 866 F.3d at 629 (quoting *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc)). Based upon the foregoing, the district court did not abuse its discretion in determining that the probative value outweighed any prejudicial effect. *See Jones*, 930 F.3d at 373.

AFFIRMED.